LORETTA E. LYNCH
United States Attorney for the
Eastern District of New York
By:   MARY M. DICKMAN
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
T. (718) 254-6022
E. (718) 254-8702
Email: mary.dickman@usdoj.gov

**CV 15 - 1130**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------

UNITED STATES OF AMERICA,          )
on behalf of its agency, the United      )
States Small Business Administration,   )
                                                         )
                    Plaintiff,                       )
                                                         )
        vs.                                           )         CV-15- _____
                                                         )
WESTBURY INVESTMENT              )
PARTNERS SBIC, L.P.,                     )
                                                         )
                    Defendant.                     )

-------------------------------------------------------

### COMPLAINT FOR RECEIVERSHIP,
### INJUNCTION AND MONEY JUDGMENT

Plaintiff, the United States of America, on behalf of its agency, the United States Small

Business Administration, by its attorney Loretta E. Lynch, United States Attorney for the Eastern

District of New York, alleges upon information and belief as follows:

### PRELIMNARY STATEMENT

1.       This is a civil action brought by the United States on behalf of the Small Business

Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), to enforce a consent Judgment and

Order providing for a receivership and entry of a money judgment.

## PARTIES

2.     Plaintiff SBA's central office is located at 409 Third Street, S.W., Washington, D.C. 20416.

3.     Defendant Westbury Investment Partners SBIC, L.P. (hereinafter "WIP" or "Licensee") is a Delaware limited partnership that maintains its principal place of business at 100 Motor Parkway, Suite 165, Hauppauge, New York 11788.

4.     WIP's general partner is Westbury SBIC, Inc.

## JURISDICTION AND VENUE

5.     Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c and 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

6.     Venue is proper under 15 U.S.C. §§ 687(d) and 687h and 28 U.S.C. §1391(b).

## STATUTORY FRAMEWORK

7.     Section 301 of the Act, 15 U.S.C. §681(c), authorizes the SBA to license qualifying entities as Small Business Investment Companies ("SBICs").

8.     Section 303 of the Act, 15 U.S.C. §683, authorizes the SBA to provide financing to licensed SBICs.

9.     Section 308(c) of the Act, 15 U.S.C. §687(c), empowers the SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

10.     The SBA may provide financing to licensed SBICs, pursuant to 15 U.S.C. § 683 and the Regulations, including financing through Debentures, a form of leverage. See, e.g., 13 C.F.R. §§107.1810, 1830-1850 and 13 C.F.R. §107.507.

11.     Pursuant to the 13 C.F.R. § 107.1830(c), SBICs such as WIP cannot have a condition of capital impairment, as that term is defined in the Regulations, of over 60 percent (sixty percent).

12.     A condition of capital impairment is an event of default with opportunity to cure, pursuant to 13 C.F.R. § 107.1810(f)(5).

13.     Pursuant to 13 C.F.R. § 107.1810 (g), in the event of a default, where the SBA has provided the SBIC with 15 (fifteen) days to cure the default, and the SBIC has failed to do so in a timely fashion, the SBA has (1) the ability to accelerate all leverage evidenced by Debentures and (2) the right to seek to become receiver of the defaulting licensee.

14.     Additionally, Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a licensed SBIC may be forfeited and the company may be declared dissolved.

15.     Further, Section 311 of the Act, 15 U.S.C. § 687c, provides that, upon a determination by the SBA that a licensed SBIC has engaged in or is about to engage in any acts or practices that constitute or will constitute a violation of the Act or of any rule or regulation promulgated pursuant to the Act, or of any order issued under the Act, then the SBA may make application to a United States court for an injunction, and such court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such licensee has engaged in or is about to engage in any such acts or practices.

3

The Court is authorized to appoint the SBA to act as receiver for such licensee.

## FACTUAL BACKGROUND

16.     On or about September 27, 2007, the SBA licensed WIP as an SBIC pursuant to 15 U.S.C. §681(c), and issued SBA License 02/02-0638, which authorized WIP to do business under the provisions of the Act and the Regulations.

17.     Pursuant to 15 U.S.C. § 683, during the period from September 2007 through January 2013, the SBA provided more than $88 million to WIP through the purchase and/or guaranty of Debentures.

18.     The Debenture instruments referenced in Paragraphs 16 - 17, above, are expressly subject to the Regulations, including but not limited to 13 C.F.R. §§107.1810 and 1830-1850 and 13 C.F.R. §107.507.

19.     By letter dated January 26, 2013 (the "January 26, 2013 letter"), the SBA notified WIP that, upon review of WIP's SBA Form 468, Statement of Financial Condition, for the period ending on December 31, 2012, WIP had a condition of capital impairment, as that term is defined in the Regulations, of 76.8 percent, which was greater than the maximum percentage allowed under the Regulations for licensees such as WIP, which was 60 percent.

20.     The January 26, 2013 letter directed WIP to cure its condition of capital impairment within fifteen (15) days of the date of the letter or the SBA would avail itself of the remedies set forth at 13 C.F.R. §107.1810(g) of the Regulations.

21.     WIP failed to cure its condition of capital impairment.

22. As a consequence, oversight of WIP was transferred to the SBA's Office of SBIC Liquidation and WIP was notified of such transfer by letter dated April 23, 2013 (the "April 23, 2013 letter"). See SBA Standard Operating Procedure 10 06 Chapter 9.

23. Through April 23, 2013 letter, the SBA accelerated the outstanding Debentures owed by WIP in accordance with 13 C.F.R. §§107.1810(f)(5), and (g)(1)(i) and (ii), and made demand for payment of the outstanding balance, which at that time was in the principal amount of $88,675,000.00, plus accrued interest in the amount of $7,838,812.62. See SBA Standard Operating Procedure 10 07 1, Chapter 4.

24. On or about October 1, 2014, WIP paid the SBA the sum of $4,000,000.00.

25. On or about November 23, 2014, WIP and the SBA stipulated to entry of a Judgment and Order that (1) appoints the SBA as Receiver of WIP for the purpose of administering, marshalling and, if necessary, liquidating all of WIP's assets and (2) grants a judgment against WIP in favor of the SBA in the principal amount of $84,675,000.00, together with interest in the amount of $294,645.97 as of October 31, 2014, interest thereafter to the date of judgment at the rate of $9,504.71 per day, less payments made to the SBA. See proposed Judgment and Order, stipulated to by WIP and the SBA on or about November 23, 2014, a copy of which is attached hereto as Exhibit A.

26. WIP has failed to make any further payments toward the remaining amount owing upon the Debenture.

## COUNT ONE
## DEFAULT IN COMPLIANCE WITH SBA REGULATIONS

27. Paragraphs 1 through 26 are incorporated herein by reference.

28.     WIP has failed to cure the default in its condition of capital improvement, in violation of 13 C.F.R. §§107.1810 (f)(5) and 107.1830(c).

29.     As a consequence of WIP's violation of the Regulations governing capital impairment, the SBA has suffered, and will continue to suffer, damages in the amount of $84,675,000.00, plus accrued interest as of October 1, 2014.

30.     As a consequence of WIP's violation of the Regulations governing capital impairment, the SBA should be appointed as liquidating receiver of WIP in accordance with 13 C.F.R.§107.1810 (g)(1)(ii).

31.     WIP has authorized the Court's appointment of the SBA as liquidating receiver, based upon its execution, on or about November 23, 2014, of a proposed Judgment and Order that, inter alia, appoints the SBA as Receiver of WIP for the purpose of administering, marshalling and, if necessary, liquidating all of WIP's assets.   See Exhibit A.

## COUNT TWO
## DEFAULT IN REPAYMENT OF DEBENTURES

32.     Paragraphs 1 through 31 are incorporated herein by reference.

33.     WIP has failed to comply with the demand for the outstanding balance owing upon the Debentures, as set forth SBA's letter of April 23, 2013, which accelerated the outstanding Debentures, in violation of 13 C.F.R. §107.1810(g)(1) and (2).

34.     As a consequence of WIP's default in the repayment of the Debentures, WIP is indebted to the SBA in the amount of $84,675,000.00, plus accrued interest for the period beginning October 1, 2014.

35.     WIP has stipulated to the entry of a Judgment and Order in favor of the he SBA in the principal amount of $84,675,000.00, together with interest in the amount of $294,645.97 as

6

of October 31, 2014, and interest thereafter to the date of judgment at the rate of $9,504.71 per day.  See Exhibit A.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays as follows:

A.    That this Court enter the Order filed simultaneously herewith and grant injunctive relief, both preliminary and permanent in nature, restraining and enjoining WIP, its past or present general partner(s), managers, management company, directors, officers, agents, employees, and other persons acting in concert therewith from: (1) making any disbursements of WIP's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of WIP's, wherever located; and (3) further violating the Act or the regulations promulgated thereunder.

B.    That this Court determine and adjudicate WIP's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.    That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of WIP and all of its assets, wherever located, and appoint SBA as receiver of WIP for the purpose of marshaling and liquidating the assets of WIP and satisfying the claims of creditors as approved by this Court.

D.    That this Court enter judgment in favor of the United States and against WIP as follows:

(1)    in the principal amount of $84,675,000.00;

(2)    interest through October 31, 2014, in the amount of $294,645.97;

(3)     interest from November 1, 2014, through the date of judgment at the rate

of $9,504.71 per day; and

(4)     post-judgment interest pursuant to 28 U.S.C. § 1961.

E.      That this Court grant such other relief as may be deemed just and proper.

Dated: Brooklyn, New York
       March 4, 2015

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

By:     _____

MARY M. DICKMAN (MD-7379)
Assistant United States Attorney
(718) 254-6022
mary.dickman@usdoj.gov

By:     _____

ARLENE M. EMBREY
Trial Attorney
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
T: (202) 205-6976
F: (202) 481-0324
Email: Arlene.embrey@sba.gov

8

# Exhibit A

LORETTA E. LYNCH
United States Attorney for the
Eastern District of New York
By:   MARY M. DICKMAN
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
T. (718) 254-6022
E. (718) 254-8702
Email: mary.dickman@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>on behalf of its agency, the United<br>States Small Business Administration<br><br>         Plaintiff,<br><br>            vs.<br><br>WESTBURY INVESTMENT PARTNERS<br>SBIC, L.P.<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)      Civil Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

---

## JUDGMENT AND ORDER

Before this Court is the Complaint by the United States of America, on behalf of the

United States Small Business Administration ("SBA"), for a permanent injunction, and the

appointment of the SBA as Permanent Receiver for Westbury Investment Partners SBIC, L.P.

The Court, being fully advised in the merits, and based upon the consent of the parties, believes

this relief should be granted:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive

jurisdiction of Westbury Investment Partners SBIC, L.P. ("WIPS"), and all of its assets,

wherever located, and the United States Small Business Administration ("SBA"), is hereby appointed receiver ("the Receiver") of WIPS to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of WIPS's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the partners, managers, officers, and directors of WIPS under applicable state and federal law and by the Certificate of Limited Partnership and Partnership Agreement of said partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The partners, managers, directors, officers, employees and agents of WIPS are hereby dismissed. Such persons shall have no authority with respect to WIPS's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of WIPS and shall pursue and preserve all of its claims.

3.     The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of WIPS, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said partnership and all other assets and property of the partnership, whether real or personal. WIPS shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of WIPS as well as the names, addresses and amounts of claims of all known creditors of WIPS. All persons having control, custody or possession of any assets or property of WIPS are hereby directed to turn such property over to the Receiver.

2

4.      The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, managers, general partners, employees, limited partners, creditors, debtors and agents of WIPS. All persons and entities owing any obligations or debts to WIPS shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if WIPS had received such payments.

5.      The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of WIPS, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the receivership including, but not limited to, attorneys and accountants, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6.      WIPS's past and/or present officers, directors, agents, managers, general partners, limited partners, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer

3

under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WIPS. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of WIPS or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to WIPS, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7.      The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving WIPS or any assets of WIPS, involving WIPS or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by WIPS's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of WIPS, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8.      All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving WIPS or any of its assets or any action of any nature taken by WIPS's present or past officers, directors, managers, or general partners sued for, or in connection with,

4

any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9.      As to a cause of action accrued or accruing in favor of WIPS against a third person or party, any applicable statute of limitations is tolled during the period in which this injunction against the commencement of legal proceedings is in effect.

10.      WIPS and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of WIPS to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Section 661 et seq., or the regulations promulgated thereunder, (the "Regulations"), 13 C.F.R. § 107.1 et seq.

11.      The Receiver is authorized to borrow on behalf of WIPS, from the SBA, up to $1,000,000, and is authorized to cause WIPS to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue.  Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of WIPS, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of partners of WIPS.

12.      This Court determines and adjudicates that WIPS has violated the SBIA and the

5

Regulations, as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that WIPS's license as an SBIC been revoked.

13. The United States Small Business Administration is further entitled to a judgment in the total sum of $ 84,482,115.97 , including $84,675,000 in principal, $ 279,445.77 in interest as of October 31, 2014, with a per diem interest rate of $ 9,504.71 up to the date of entry of this Order, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order, minus any payments made to Plaintiff thereon.

**AGREED AND ACKNOWLEDGED:**

**Westbury Investment Partners SBIC, L.P.**

By: Westbury SBIC, Inc. – Its General Partner

By: _Joseph S. Fass III_
Its: CEO

**U.S. Small Business Administration**

By: _Thomas G. Morris_
Thomas G. Morris, Director
Office of SBIC Liquidation

**SO ORDERED,** this ____ day of _____, 201_.

_____
UNITED STATES DISTRICT COURT JUDGE

6